Dear Ms. Johnston:
Your request for an Attorney General's Opinion has been directed to me for research and response. Your letter of November 6, 1990 contained numerous questions; most of which should have been answered for you at the recent training conference for justices of the peace and constables. However, it appears that three of the questions which you asked probably remain unanswered. As I understand those questions, they are as follows:
 1. Is there a conflict of interest in a clerical employee in a District Attorney's office, also holding the position of justice of peace?
 2. Is there a conflict of interest in a person working as a salaried employee in the parish school board office, while serving as an elected member of the police jury, in the same parish.
 3. Are former justices of the peace obligated to turn over their files to their successors and, if so, who sees to this policy?
The answer to the question, may a clerical employee in a district attorney's office serve as a Justice of the Peace, is found in LSA-R.S.42:63(D) and LSA-R.S. 42:62(9). R.S. 42:63(D) reads as follows:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government in this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds and elective office. . . ." (emphasis added)
However, under LSA-R.S. 42:62(9), Justice of the Peace courts and District Attorney's are separate political subdivisions. Therefore, it would appear that it would not be a violation of the dual officeholding and dual employment statute, for a person to serve as both a justice of the peace and as a clerical employee in a district attorney's office. I would caution, however, that the justice of the peace should be careful not to allow any conflict of interest situations to arise, between the cases she handles in her two positions. I would further caution that justices of the peace function under the supervision of the Louisiana Supreme Court. Therefore, I would recommend checking with the Supreme Court to make certain that there would be no violation of any regulation of the court.
Your second question concerns the propriety of an individual working as a full-time employee of a school board, while serving as an elected member of the police jury, in the same parish. It appears that the answer to this question is also found in R.S. 42:63(D):
 "No person holding an elective office in a political subdivision of this state. . . . shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds an elective office."
It would appear that both the elective office and the employment you mentioned, are within the same political subdivision. Therefore, it is the opinion of this office that one may not serve as a full time employee of a School Board, while serving as an elected member of the police jury, in the same parish.
Finally, you have asked whether a Justice of the Peace is obligated to turn over his files to his successor. Louisiana Revised Statute 42:321 appears to provide a clear answer to this question. R.S. 42:321 reads as follows:
 "Every public officer shall, upon resignation, removal, or upon the expiration of his term, deliver all the books, records documents and writings appertaining to his office, without delay to his successor or to a person duly authorized to receive them."
It may be noted that LSA-R.S. 42:322, provides a substantial penalty (imprisonment for one to ten years) for failing to comply with R.S. 42:321.
If your predecessor has not turned over his records to you, your local district attorney should be able to assist you with the enforcement of the statute. If he does not feel that he is able or authorized to do so, then write to our office and we will look into the matter further.
I hope that the foregoing adequately answers the questions you have asked, however if additional information is needed, please do not hesitate to write to me and I will try to provide you with the assistance needed.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General